D&M WATCH CORP., PLAINTIFF *v.* UNITED STATES, DEFENDANT

Court No. 83–12–01775

### ORDER

AQUILINO, *Judge:* The plaintiffs in the above-encaptioned case and 104 other, similar cases docketed in this Court of International Trade as 83–01–00040–S, 83–04–00548, 83–05–00723, 83–07–00957, 83–07–00986, 83–07–00988–S, 83–07–01058, 83–08–01243, 83–08–01246, 83–09–01287–S, 83–09–01289, 84–01–00008, 84–01–00128, 84–03–

---

[10] Defendant's Supplemental Opposition to Plaintiff's Application for Attorneys Fees and Expenses, p. 1.

[11] This can be especially true when they represent sizeable shares of monetary recoveries. It is also true that receipt or expectation of such contingent fees do not preclude awards under 28 U.S.C. § 2412(b), which, as the court pointed out in Slip Op. 92–58, page 26, are "punitive", quoting *Lear Siegler, Inc., Energy Prods. Div. v. Lehman*, 842 F.2d 1102, 1107 (9th Cir. 1988).

00424, 84–03–00428, 84–04–00473, 84–06–00848, 84–07–00957, 84–07–00972, 84–07–00982, 84–07–00986, 84–07–00988, 84–08–01117, 84–09–01323, 84–11–01567, 84–11–01568, 84–12–01794, 85–01–00058, 85–02–00162, 85–02–00165, 85–02–00227, 85–03–00368, 85–03–00443, 85–04–00501, 85–04–00573, 85–05–00729, 85–07–00996, 85–08–01012, 85–08–01013, 85–08–01071, 85–08–01073, 85–08–01117, 85–08–01118, 85–08–01119, 85–09–01156, 85–10–01523, 85–10–01527, 86–04–00440, 86–04–00441, 86–05–00595, 86–05–00596, 86–06–00768, 86–06–00771, 86–06–00793, 86–07–00846, 86–07–00847, 86–07–00849, 86–07–00945, 86–09–01128, 86–09–01209, 86–11–01399, 86–11–01489, 86–12–01505, 86–12–01506, 86–12–01532, 86–12–01593, 87–01–00030, 87–01–00052, 87–01–00078, 87–01–00090, 87–01–00108, 87–02–00180, 87–03–00482, 87–03–00515, 87–03–00516, 87–03–00521, 87–03–00538, 87–03–00539, 87–08–00862, 87–08–00863, 87–08–00864, 87–08–00865, 87–08–00871, 87–09–00920, 87–09–00922, 87–09–00967, 87–09–00968, 87–09–00972, 87–10–01002, 87–10–01003, 87–10–01015, 87–10–01042, 87–11–01072, 87–12–01151, 87–12–01153, 88–02–00115, 88–02–00146, 88–04–00267, 88–04–00306, 88–04–00313, 88–05–00371, 88–07–00529, 88–07–00531 and 88–07–00532 having made a motion for a citation of contempt and other relief against the defendant in conjunction with its noncompliance with the final judgments entered therein; and the court having granted the motion in part per Slip Op. 92–58, 16 CIT 285, (April 24, 1992); and the court in Slip Op. 92–58 having ordered the Chief of the Residual Liquidation and Protest Branch of the New York Customs Region and the defendant and its other officers, employees, agents, servants, sureties and assigns to reliquidate within 30 days each and every entry listed on the final judgments entered in the 105 actions and not previously reliquidated or annotated by the parties as "not stipulable" and which would result in lower duties, with any resulting duty differentials to be paid to the plaintiffs, together with interest thereon as provided by law; and the court having further ordered the defendant to file a written report of its compliance with Slip Op. 92–58 by the end of the 30-day period; and the court having further granted the plaintiffs leave to file application(s) in conformity with Slip Op. 92–58 for award of costs and reasonable attorneys' fees and expenses; and the defendant having filed on May 26, 1992 a Report of Compliance With the Order of April 24, 1992, as supplemented on June 5, 1992; and the court having held a hearing on June 16, 1992 on defendant's compliance with Slip Op. 92–58 and also on plaintiffs' application for award of costs and reasonable attorneys' fees and expenses; and the court, after due deliberation, having rendered a decision on matters raised at the hearing; Now, therefore, in conformity with said decision, it is

ORDERED that defendant's Motion Under Rule 60(b) for Relief From the Stipulated Judgments and to Restore the Cases to the Calendar be, and it hereby is, denied; and it is further

ORDERED that plaintiffs' Motion to Amend or Clarify the Order of April 24, 1992 be, and it hereby is, denied; and it is further

ORDERED that plaintiffs' Application for Fees and Other Expenses Pursuant to the Order of Court in Slip Op. 92–58 and USCIT Rule 68 be, and it hereby is, granted to the extent that the plaintiffs in the above-numbered cases recover against the defendant $453.30 in costs and $59,550 as reasonable fees on behalf of their attorneys.